IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AUDREY K. MILLER, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | CIVIL ACTION NO. 4:15-cv-2824 |
| | § | |
| SAM HOUSTON STATE UNIVERSITY, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## JURY VERDICT

### Specific Instructions Concerning Question 1

Plaintiff Audrey Miller ("Plaintiff" or "Miller") alleges that Defendant Sam Houston State University's ("Defendant" or "Sam Houston State University") denial of her tenure was motivated by Plaintiff's gender.

Sam Houston State University denies Miller's claims, and contends that its decision to deny Miller's application for tenure was based on teaching and collegiality concerns.

To prove unlawful discrimination, Miller must prove by a preponderance of the evidence that:

1. Sam Houston State University denied Miller tenure; and

2. Sam Houston State University's denial of Plaintiff's tenure was motivated by Plaintiff's gender.

Plaintiff does not have to prove that unlawful discrimination was the only reason Defendant denied her tenure.

If you find that the reason Defendant has given for denying Plaintiff tenure is unworthy of belief, you may, but are not required to, infer that Sam Houston State University was motivated by Plaintiffs gender.

## QUESTION 1

Do you find that Plaintiff Audrey Miller proved by a preponderance of the evidence that her gender was a motivating factor in Defendant Sam Houston State University's decision to deny Plaintiff tenure?

Answer "Yes" or "No."

__No__

If you answered "Yes" to Question 1, go to Question 2. If you answered "No" to Question 1, go to Question 3.

### Specific Instructions Concerning Question 2

If you find that Plaintiff's gender was a motivating factor in the Defendant's decision to deny Plaintiff tenure, even though other considerations were factors in the decision, then you must determine whether Defendant proved by a preponderance of the evidence that it would have made the same decision even if it had not considered Plaintiff's gender.

### QUESTION 2

Has Defendant Sam Houston State University proved by a preponderance of the evidence that it would have made the same decision to deny Plaintiff Audrey Miller tenure even if it had not considered her gender?

    Answer "Yes" or "No."

_____

Go to Question 3.

## Specific Instructions Concerning Question 3

Plaintiff Miller claims that she was retaliated against by Defendant Sam Houston State University for engaging in activity protected by Title VII. Miller claims she filed a grievance and made complaints about gender-based discrimination. Miller claims that Sam Houston State University retaliated against her by denying her tenure.

Defendant denies Plaintiff's claims, and maintains that its tenure denial was based on teaching and collegiality concerns.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII.

To prove unlawful retaliation, Plaintiff must prove by a preponderance of the evidence that:

1. Plaintiff engaged in protected activity by filing a grievance or otherwise making complaints about gender-based discrimination;

2. Defendant denied Plaintiff's tenure; and

3. Defendant's decision to deny Plaintiff tenure was on account of her protected activity.

"Protected activity" includes opposing an employment practice that is unlawful under Title VII by making a charge of discrimination, or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII.

You need not find that the only reason for Sam Houston State University's decision was Miller's protected activity. But you must find that its decision to deny Miller's tenure would not have occurred in the absence of—that is, "but for"—her alleged protected activity.

If you disbelieve the reason Defendant has given for its decision, you may, but are not required to, infer that Defendant would not have denied Plaintiff tenure but for her engaging in the protected activity.

## QUESTION 3

Do you find from a preponderance of the evidence that Plaintiff Audrey Miller's conduct in opposing Sam Houston State University's alleged gender-based discrimination was protected activity, and that Sam Houston State University's decision to deny Miller tenure was on account of this protected activity?

    Answer "Yes" or "No."

    __No__

If you answered "No" to Questions 1 and 3, go to the end of the verdict form, and the foreperson should sign and date the verdict. If you answered "Yes" to either Question 1 or 3, then go to Question 4.

## Specific Instructions Concerning Question 4

If Plaintiff has proven either of her claims against the Defendant by a preponderance of the evidence, you must determine the damages to which the Plaintiff is entitled. You should not interpret the fact that I am giving instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is your task first to decide whether Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant is liable and that Plaintiff is entitled to recover money from the Defendant.

Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit. There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff for the harm she has allegedly sustained.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Miller would have earned in her employment with Sam Houston State University if she had not been denied tenure and remained employed from May 31, 2014, to the date of your verdict, minus the amount of earnings and benefits that Plaintiff received from employment during that time; and (2) the amount of other compensatory damages sustained by Miller for mental anguish, humiliation, embarrassment, inconvenience, and emotional pain and suffering sustained by Plaintiff from the date of the alleged discrimination and/or retaliation until the date of trial. Do not consider interest or attorneys' fees in any of your answers.

Back pay includes the amounts the Plaintiff has proved she would have earned had she remained an employee of Defendant. These amounts include wages or salary and such benefits as life and health insurance, stock options, and contributions to retirement. You must subtract the amounts of earnings and benefits Defendant proves by a preponderance of the evidence Plaintiff received during the period in question.

Compensatory damages is the amount that is fair to compensate Plaintiff. The purpose of compensatory damages is to make Plaintiff whole—that is, to compensate Plaintiff for the damage she has suffered. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

To recover compensatory damages for mental and emotional distress, Miller must prove that she has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be supported by doctors, psychologists, or other witnesses, but Miller must support her claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

## QUESTION 4

What sum of money, if paid now in cash, do you find by a preponderance of the evidence would fairly and reasonably compensate Plaintiff for the damages, if any, you have found Defendant caused Plaintiff? Answer in dollars and cents for the following items and none other:

   A. Past inconvenience, mental anguish, and loss of enjoyment of life.


   $ ⎯⎯⎯⎯⎯⎯⎯


   B. Future inconvenience, mental anguish, and loss of enjoyment of life.


   $ ⎯⎯⎯⎯⎯⎯⎯


   C. Back pay and benefits from May 31, 2014 to today's date.


   $ ⎯⎯⎯⎯⎯⎯⎯


Go to the end of the verdict form, where the foreperson should sign and date the verdict.

This ends your deliberations. The foreperson should sign and date the verdict.

We, the jury, have unanimously answered the above and foregoing special issues in the manner indicated in this verdict form and return these answers to the Court as our verdict.

**ORIGINAL SIGNITURE ON FILE IN OFFICE OF THE CLERK.**
FOREPERSON

June 27, 2025
DATE